[Civ. No. 9974.   Third Dist.   Jan. 11, 1961.]

COLLINS H. McCLENDON et al., Appellants, v. WAYNE AHO et al., Defendants; THEODORE PAPPAS et al., Respondents.

Robert F. Appel for Appellants.

Speer & Creasey for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of the defendants, Theodore Pappas and Pete Stathes, in an action upon two promissory notes.

Respondents, who are the payees of the notes in question, assigned them to appellants by an endorsement which originally read: "Assigned to Collins H. McClendon and Paul A. Brunk or order." Subsequently, someone crossed out the word, "Assigned," and substituted therefor the word, "Pay." A pretrial conference was held and on February 6, 1958, the pretrial conference order was filed. The order read:

"It was stipulated and agreed between Counsel that the only issue to be tried is whether the word 'pay' or the word 'assigned' was in the endorsement at the time it was made or whether the word 'pay' was later inserted with the consent

_____

*Assigned by Chairman of Judicial Council.

of plaintiffs [obviously should be defendants], the endorsers, it appearing that the word 'assigned' was first used and then stricken and the word 'pay' inserted. It was further stipulated that if the word 'assigned' was used by the endorsers then plaintiffs are not responsible for payment but that responsibility follows if the word 'pay' was used by the endorsers, either originally or later, with their consent.''

The clerk's record shows that the trial was completed on April 7, 1958. On May 1, 1958, appellants filed a motion to amend the pretrial conference order so as to limit the issue as to whether the alteration of the endorsement had been made without the consent of the respondents. The motion was denied.

Appellants contend that the trial court erred in refusing to grant their motion because their counsel never intended to stipulate that respondents would not be liable if the alteration of the endorsement was made without their knowledge or consent.

The trial court found ''[t]hat subsequent to the execution of the Assignment of said Promissory Note, and without the knowledge or consent of the defendant assignors, the word 'pay' was inserted above the assignors' signature in lieu of the word 'assign' which was there when the assignment was executed,'' and ''[t]hat at the time of the execution of the assignment of the notes and Chattel Mortgage as shown by the evidence at the trial and the stipulation entered into at the pre-trial conference which is a part of the pre-trial conference order herein it was the intent of the parties that the use of the word 'assign' was meant in the same sense as it is used in the law of assignment of a non-negotiable chose in action or as a qualified endorsement of the notes.'' The evidence amply supports these findings. The weight and effect of the evidence was, of course, a matter for the trial court to determine and is binding upon this court. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427-429 [45 P.2d 183] ; *Beckmann* v. *Beckmann*, 174 Cal.App.2d 717, 720 [345 P.2d 121].)

Such being the state of the record, we find no merit in appellants' contention hereinabove stated.

We deem it unnecessary to discuss other points presented in the briefs.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.